# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR

MAUREEN D. LUKE
ROLIN P. BISSELL
MATTHEW P. DENN
SCOTT A. HOLT
JOHN T. DORSEY

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
KEVIN M. BAIRD
SEAN M. BEACH
TIMOTHY P. CAIRNS
M. BLAKE CLEARY
CURTIS J. CROWTHER
ERIN EDWARDS
IAN S. FREDERICKS (NJ & PA ONLY)
DANIELLE GIBBS
SEAN T. GREECHER
KARA S. HAMMOND
DAWN M. JONES
RICHARD S. JULIE (NY ONLY)
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL (MD ONLY)
TIMOTHY E. LENGKEEK
MATTHEW B. LUNN
JOSEPH A. MALFITANO
GLENN C. MANDALAS
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MATTHEW B. MCGUIRE
MARIBETH L. MINELLA
EDMON L. MORTON
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHAEL P. STAFFORD
JOHN E. TRACEY
ALFRED VILLOCH, III
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WRITER'S DIRECT DIAL NUMBERS
VOICE: (302) 571-6642
FAX: (302) 576-3326

E-MAIL: apoff@ycst.com

H. ALBERT YOUNG
1929-1982
H. JAMES CONAWAY, JR.
1947-1990
WILLIAM F. TAYLOR
1954-2004

STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
SHELDON A. WEINSTEIN
OF COUNSEL

JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
SPECIAL COUNSEL

GEORGETOWN OFFICE
110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

June 9, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

   Re: *Mayne Pharma (USA) Inc. v. American Pharmaceutical Partners, Inc., et al.*
     U.S. Dist. Ct. C.A. No. 04-1564-KAJ

Dear Judge Jordan:

  On behalf of plaintiff, Mayne Pharma (USA) Inc., we respectfully request that the Court schedule a Rule 16 conference to set a discovery schedule in this case. Counsel for defendant American Pharmaceutical Partners, Inc. ("APP") has ignored plaintiff's efforts to meet and confer concerning discovery pursuant to Rule 26(f), and has thereby prevented any discovery, based presumably on the ground that it has filed a partial motion to dismiss a small minority of the claims.

  Discovery should be permitted to proceed, despite the pending motion, because substantially the same discovery will be needed from APP regardless of whether the partial motion to dismiss is granted. There is therefore no just reason for delay. To the contrary, plaintiff is incurring substantial irreparable competitive harm from not being able to supply certain drugs to the market, in competition with APP, as a result of the wrongful conduct challenged by the Complaint. Such harms will be exacerbated by any delay in obtaining a judgment.

WP3:1119502.1                                          ...

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
June 9, 2005
Page 2

The set of claims that is challenged by the pending motion and the set that is not so challenged address substantially the same facts, but with different legal theories. The facts concern APP's acquisition from defendants Bigmar Inc. and Bigmar-Bioren Pharmaceuticals, S.A. (together "Bigmar") of a manufacturing facility that Bigmar used to supply certain late-stage cancer drugs to plaintiff.[1] The acquisition, together with APP's failure subsequently to honor Bigmar's supply contracts, precluded plaintiff from obtaining the drugs and therefore from competing with APP in the markets for these drugs. All claims against APP, regardless of whether they are a subject of the pending motion to dismiss, challenge the propriety of the acquisition and/or seek to hold APP liable for breach of the supply contracts.

The claims that *are not* subjects of the motion to dismiss challenge the acquisition as a violation of the federal antitrust laws, while the claims that *are* subjects of the motion challenge the transaction as a fraudulent conveyance. Similarly, the claims that *are not* subjects of the motion seek to hold APP liable for breach of the supply contracts on the ground that APP tortiously interfered with Bigmar's performance of the contracts, while the claims that *are* subjects of the motion seek to hold APP liable for breach of the contracts on the ground that APP was a successor to Bigmar under the contracts. Both sets of claims require discovery concerning the circumstances surrounding the acquisition, the supply contracts and APP's relationship to the contracts.

The motion to dismiss, even if granted, therefore should have little impact on the discovery needed in this case. There being no significant prejudice to APP from proceeding with discovery, and substantial prejudice to plaintiff from delaying it, APP should not be permitted to delay this proceeding by means of its motion to dismiss only a few of the claims that address substantially the same facts with different legal theories.

Respectfully submitted,

Adam W. Poff (#3990)

AWP
cc:   Clerk of the Court
      Thomas C. Grimm, Esquire

---

[1] Bigmar has defaulted in this proceeding and is now a subject of a request for entry of default.

WP3:1119502.1