IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAYNE PHARMA (USA) INC.<br><br>      Plaintiff,<br><br>      v.<br><br>AMERICAN PHARMACEUTICAL PARTNERS, INC., BIGMAR, INC., BIGMAR-BIOREN PHARMACEUTICALS, S.A.<br><br>      Defendants. | C. A. No. 04-1564-KAJ |

**ANSWER OF DEFENDANT AMERICAN PHARMACEUTICAL PARTNERS, INC.
TO PLAINTIFF'S COMPLAINT**

Defendant American Pharmaceutical Partners, Inc. ("Defendant" or "APP") answers Plaintiff's Complaint, as follows:

1. In response to the allegations of Paragraph 1, Defendant admits that Plaintiff purports to file this action for alleged violations of federal antitrust and tort laws but denies that Defendant has violated such laws.

2. In response to the allegations of Paragraph 2, Defendant admits that the drugs identified therein are for the treatment of cancer, but otherwise denies such allegations.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies such allegations.

4. Defendant denies the allegations of Paragraph 4 and alleges that due to inspection reports from regulatory authorities which identified deficiencies in procedures, personnel, and equipment, the Barbengo facility has been shutdown since the acquisition and cannot resume operation until approved by the regulatory authorities, and has not supplied the drugs to anyone since that date.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 that Plaintiff has been unable to secure an alternative supplier for only two of the required presentations of Methotrexate and that the Plaintiff has been unable to secure an alternative supplier for any of the Leucovorin, Flurouracil and Cisplatin presentations, and on that basis, denies such allegations.  Defendant denies the truth of the remaining allegations of Paragraph 5.

6.      Defendant denies the allegation contained in Paragraph 6 that during the negotiation of the Barbengo acquisition, Bigmar engaged in fraud at the prompting of the Defendant APP.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and on that basis, denies such allegations.

7.      In answer to Paragraph 7, defendant denies each and every allegation contained therein.

8.      In response to the allegations of Paragraph 8, Defendant admits those allegations.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies those allegations.

10.     In response to the allegations of Paragraph 10, Defendant admits those allegations.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies those allegations.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies those allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies those allegations.

14. In response to the allegations of Paragraph 14, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15. In response to the allegations of Paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies those allegations.

16. Defendant denies the allegations in Paragraph 16.

17. Answering Paragraph 17, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. In response to the allegations of Paragraph 18, Defendant states that the agreement referred to as Exhibit A attached to Plaintiff's Complaint speaks for itself. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 18.

19. In response to the allegations of Paragraph 19 and each and every subsection of such paragraph, Defendant states that the agreement referred to as Exhibit B attached to Plaintiff's Complaint speaks for itself. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 19.

20. In response to the allegations of Paragraph 20 and each and every subsection of such paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph and on that basis denies such allegations.

Defendant alleges that the agreement referred to as Exhibit C attached to Plaintiff's Complaint speaks for itself.

21. In response to the allegations of Paragraph 21, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and Defendant therefore denies those allegations. Defendant alleges that the agreement referred to as Exhibit C attached to Plaintiff's Complaint speaks for itself.

22. In response to the allegations of Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and Defendant therefore denies those allegations.

23. In response to Paragraph 23, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

24. In response to Paragraph 24, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

25. In response to Paragraph 25, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

26. In response to Paragraph 26, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations, except that Defendant states that the amendments referred to as Exhibit E attached to Plaintiff's Complaint speak for themselves.

27. In response to Paragraph 27, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

28. In response to Paragraph 28, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

29. In response to Paragraph 29, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

30. In response to Paragraph 30, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

31. In response to Paragraph 31, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies those allegations.

32. In response to the allegations contained in Paragraph 32, Defendant admits that its affiliate acquired the Barbengo facility from BBP in July 2004, but otherwise denies the allegations of this paragraph.

33. Defendant denies the allegations contained in Paragraph 33.

34. In answer to Paragraph 34, Defendant denies each and every allegation contained therein, but lacks information or belief as to whether Mayne has developed a facility of its own in Australia.

35. In answer to Paragraph 35, Defendant denies each and every allegation contained therein.

36. In answer to Paragraph 36, Defendant denies each and every allegation contained therein.

37. In answer to Paragraph 37, Defendant denies each and every allegation contained therein.

38. In answer to Paragraph 37, Defendant denies each and every allegation contained therein.

## ANSWER TO COUNT I
### (Section 7 of the Clayton Act)

39. Defendant realleges and incorporates herein by reference Paragraphs 1 through 38, inclusive, of this Answer as set forth above.

40. Denies the allegations of Paragraph 40.

41. Denies the allegations of Paragraph 41.

42. Denies the allegations of Paragraph 42.

43. Denies the allegations of Paragraph 43.

## ANSWER TO COUNT II
### (Section 1 of the Sherman Act)

44. Defendant realleges and incorporates herein by reference Paragraphs 1 through 43, inclusive, of this Answer as set forth above.

45. Denies the allegations of Paragraph 45.

46. Denies the allegations of Paragraph 46.

## ANSWER TO COUNT III
**(Attempted Monopolization)**

47. Defendant realleges and incorporates herein by reference Paragraphs 1 through 46, inclusive, of this Answer as set forth above.

48. Denies the allegations of Paragraph 48.

49. Denies the allegations of Paragraph 49.

50. Denies the allegations of Paragraph 50.

51. Denies the allegations of Paragraph 51.

## ANSWER TO COUNT IV
**(Attempted Monopolization)**

52. Defendant realleges and incorporates herein by reference Paragraphs 1 through 51, inclusive, of this Answer as set forth above.

53. Denies the allegations of Paragraph 53.

54. Denies the allegations of Paragraph 54.

## ANSWER TO COUNT V
**(Specific Performance By or Damages Against BI)**

55. Defendant realleges and incorporates herein by reference Paragraphs 1 through 54, inclusive, of this Answer as set forth above, and alleges that this count is not asserted against APP.

56. Defendant alleges that it lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegation contained in Paragraph 56.

57. Defendant alleges that it lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegation contained in Paragraph 57.

58. Defendant alleges that it lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegation contained in Paragraph 58.

59.     Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 59 and on that basis, denies those allegations.

60.     Defendant denies the allegations of Paragraph 60.

## ANSWER TO COUNT VI
### (Damages Against BI on Grounds of Fraud)

61.     Defendant realleges and incorporates herein by reference Paragraphs 1 through 60, inclusive, of this Answer as set forth above, and alleges that this count is not asserted against APP.

62.     Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 62 and on that basis, denies those allegations.

63.     Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 63 and on that basis, denies those allegations.

64.     Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 64 and on that basis, denies those allegations.

65.     Defendant denies the allegations of Paragraph 65.

## ANSWER TO COUNT VII
### (Specific Performance By or Damages Against BBP)

66. Defendant realleges and incorporates herein by reference Paragraphs 1 through 65, inclusive, of this Answer as set forth above, and alleges that this count is not asserted against APP.

67. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 67 and on that basis, denies those allegations.

68. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 68 and on that basis, denies those allegations.

69. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 69 and on that basis, denies those allegations.

70. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 70 and on that basis, denies those allegations.

71. Defendant denies the allegations of Paragraph 71.

## ANSWER TO COUNT VIII
### (Damages Against BBP on Grounds of Fraud)

72. Defendant realleges and incorporates herein by reference Paragraphs 1 through 71, inclusive, of this Answer as set forth above, and alleges that this count is not asserted against APP.

73. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 73 and on that basis, denies those allegations.

74. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 74 and on that basis, denies those allegations.

75. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 75 and on that basis, denies those allegations.

76. Defendant denies the allegations of Paragraph 76.

**ANSWER TO COUNT IX**
**(Declaratory Judgment that APP is a "Successor" to the BI Contract)**

77. Defendant realleges and incorporates herein by reference Paragraphs 1 through 76, inclusive, of this Answer as set forth above.

78. Defendant denies the allegations contained in Paragraph 78. Defendant alleges that the agreement referred to in Paragraph 78 as the BI Contract speaks for itself.

79. Defendant denies the allegations contained in Paragraph 79. Defendant alleges that the agreement referred to in Paragraph 79 as the BI Contract speaks for itself.

80. Defendant denies the allegations of Paragraph 80 except that in response to the allegation contained in Paragraph 80 that upon selling the Barbengo facility, Bigmar began to wind down all business operations, Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of those allegations and on that basis, denies those allegations.

81. Defendant denies the allegations of Paragraph 81.

## ANSWER TO COUNT X
**(Declaratory Judgment that APP is a "Successor" to the First and Second BBP Contracts)**

82. Defendant realleges and incorporates herein by reference Paragraphs 1 through 81, inclusive, of this Answer as set forth above.

83. Defendant denies the allegations contained in Paragraph 83. Defendant alleges that the agreements referred to in Paragraph 83 as the First and Second BBP Contracts speak for themselves.

84. Defendant denies the allegations contained in Paragraph 84. Defendant alleges that the agreements referred to in Paragraph 84 as the First and Second BBP Contracts speak for themselves.

85. In response to the allegations contained in Paragraph 85 that upon selling the Barbengo facility, Bigmar began to wind down all business operations, Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of those allegations and on that basis, denies those allegations, except that Defendant admits the remaining allegations contained in Paragraph 85.

86. Defendant denies the allegations of Paragraph 86.

## ANSWER TO COUNT XI
**(Specific Performance by APP of the BI Contract)**

87. Defendant realleges and incorporates herein by reference Paragraphs 1 through 86, inclusive, of this Answer as set forth above.

88. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegation contained in Paragraph 88 and on that basis, denies that allegation.

89. Defendant denies the allegations of Paragraph 89.

90. Defendant denies the allegations of Paragraph 90.

91. Defendant admits the allegation contained in Paragraph 91 that it has not supplied Methotrexate to Plaintiff since the acquisition, but otherwise denies the allegations of Paragraph 91.

92. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the remaining allegations contained in Paragraph 92 and on that basis, denies those allegations.

93. Defendant denies the allegations of Paragraph 93.

### ANSWER TO COUNT XII
**(Specific Performance of BBP Contracts)**

94. Defendant realleges and incorporates herein by reference Paragraphs 1 through 93, inclusive, of this Answer as set forth above.

95. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 95 and on that basis, denies those allegations.

96. Defendant denies the allegations of Paragraph 96.

97. Defendant denies the allegations of Paragraph 97.

98. Defendant admits that it has not filled certain purchase orders or supplied Methotrexate or Fluorouracil to Plaintiff since the acquisition but otherwise denies the allegations contained in Paragraph 98.

99. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the remaining allegations contained in Paragraph 99 and on that basis, denies those allegations.

100. Defendant denies the allegations of Paragraph 100.

## ANSWER TO COUNT XIII
### (Specific Performance on Contracts for Raw Materials)

101. Defendant realleges and incorporates herein by reference Paragraphs 1 through 100, inclusive, of this Answer as set forth above.

102. Defendant denies the allegations of Paragraph 102.

103. Defendant denies the allegations of Paragraph 103 as they apply to APP.

104. Defendant denies the allegations of Paragraph 104.

105. Defendant denies the allegations of Paragraph 105.

## ANSWER TO COUNT XIV
### (Tortious Interference with BI Contract)

106. Defendant realleges and incorporates herein by reference Paragraphs 1 through 105, inclusive, of this Answer as set forth above.

107. Defendant denies the allegations contained in Paragraph 107. Defendant alleges that the agreement referred to in Paragraph 107 as the BI Contract speaks for itself.

108. Defendant admits the allegation in Paragraph 108 that it was aware of the agreement referred to as the BI Contract when it acquired the Barbengo facility but denies the remaining allegations contained in that paragraph.

109. Defendant denies the allegations of Paragraph 109.

## ANSWER TO COUNT XV
### (Tortious Interference for First and Second BBP Contracts)

110. Defendant realleges and incorporates herein by reference Paragraphs 1 through 109, inclusive, of this Answer as set forth above.

111. In response to the allegations of Paragraph 111, Defendant states that the agreements referred to as the First and Second BBP Contracts speak for themselves. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 111.

112. Defendant admits the allegation in Paragraph 112 that it was aware of the agreement referred to as the First BBP Contract when it acquired the Barbengo facility but denies the remaining allegations contained in Paragraph 112.

113. Defendant denies the allegations of Paragraph 113.

### ANSWER TO COUNT XVI
### (Tortious Interference with Prospective Business Advantage)

114. Defendant realleges and incorporates herein by reference Paragraphs 1 through 113, inclusive, of this Answer as set forth above.

115. Defendant lacks sufficient knowledge or information to enable it to form a belief as to the truth of the allegations contained in Paragraph 115 and on that basis, denies those allegations.

116. Defendant denies the allegations of Paragraph 116.

117. Defendant denies the allegations of Paragraph 117.

118. Defendant denies the allegations of Paragraph 118.

119. Defendant denies the allegations of Paragraph 119.

### ANSWER TO COUNT XVII
### (Fraudulent Conveyance)

120. Defendant realleges and incorporates herein by reference Paragraphs 1 through 119, inclusive, of this Answer as set forth above.

121. Defendant denies the allegations of Paragraph 121.

122. Defendant denies the allegations of Paragraph 122.

123. Defendant admits the allegations of Paragraph 123.

124. Defendant denies the allegations of Paragraph 124.

## AFFIRMATIVE DEFENSES

As and for their separate and affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

125. The Complaint, and each and every claim for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

126. The claims for relief asserted by Plaintiff are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

127. Plaintiff has unduly and unreasonably delayed in bringing its claims for relief, to the prejudice of the Defendant, and is therefore barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Standing)

128. Plaintiff lacks standing to maintain its claims for relief.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

129. Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (No Causation)

130. Defendant alleges that its alleged conduct is not a material cause of Plaintiff's claims of alleged injury.

### SEVENTH AFFIRMATIVE DEFENSE
(Reasonable Conduct)

131.   Defendant alleges that the conduct and agreements alleged in the Complaint were and are reasonable under the antitrust laws.

### EIGHTH AFFIRMATIVE DEFENSE
(Promotion of Competition)

132.   Defendant alleges that the purpose of the conduct attributed to Defendant in the Complaint was the promotion of competition, and that such conduct cannot constitute the basis for a violation of the antitrust laws.

### NINTH AFFIRMATIVE DEFENSE
(No Antitrust Injury)

133.   Plaintiff has not suffered injury of the type the antitrust laws were intended to prevent by reason of the acts and conduct alleged in the Complaint, including without limitation, APP's acquisition of the Barbengo facility.  Plaintiff therefore cannot recover on its claims for relief.

### TENTH AFFIRMATIVE DEFENSE
(Force Majeure)

134.   Defendant's performance of the contracts identified in the Complaint was excused because, due to inspection reports from regulatory authorities which identified deficiencies in procedures, personnel, and equipment, the Barbengo facility has been shutdown since the acquisition and cannot resume operation until approved by the regulatory authorities.

### ELEVENTH AFFIRMATIVE DEFENSE
(Impossibility of Performance)

135.   Defendant's performance of the contracts identified in the Complaint was excused because, due to inspection reports from regulatory authorities which identified deficiencies in

procedures, personnel, and equipment, the Barbengo facility has been shutdown since the acquisition and cannot resume operation until approved by the regulatory authorities.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Combination)

136.   With respect to Counts I and II, Defendant alleges no combination or agreement existed between Defendant and Bigmar with respect to whether either party would deal with Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Necessary Acts)

137.   Defendant alleges the conduct and acts complained of in Plaintiff's Complaint were necessary to protect Defendant's reputation, maintain the quality of the products manufactured at the Barbengo facility, and to protect public health and safety.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Specific Intent for Antitrust Acts or Conduct; No Specific Intent for Fraudulent Conveyance; No Specific Intent for Tortious Interference with Economic Relationship)

138.   With respect to Count IV, Defendant alleges that it did not have the specific intent to destroy competition or obtain build monopoly power.

139.   With respect to Count XVII, Defendant alleges that it did not have the specific intent to hinder, delay or defraud Plaintiff as a competitor or creditor of Bigmar.

140.   With respect to Counts XIV, XV and XVI, Defendant alleges it did not have the specific intent to disrupt Plaintiff's economic relationship with Bigmar.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Privilege of Fair Competition)

141.   With respect to Counts XIV, XV and XVI, Defendant alleges its conduct to be within the privilege of fair and bona-fide competition.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Reasonably Equivalent Value Received)

142. Plaintiff's claims are barred because the acquisition at issue involved exchanges of reasonably equivalent value.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Harmed by Alleged Fraudulent Conveyance)

143. Plaintiff's claims are barred because Plaintiff was not harmed or injured in any manner by the allegedly fraudulent conveyance since the conveyance did not put beyond Plaintiff's reach any property that Plaintiff would have been able to subject to the payment of its alleged creditors' claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Fraud-based Claim Pleaded with Insufficient Particularity)

144. With respect to Count XVII, Defendant alleges Plaintiff's fraud-based claim is barred by Plaintiff's failure to allege such claim with sufficient particularity, as required by Fed. R. Civ. P. 9(b).

### NINETEENTH AFFIRMATIVE DEFENSE
### (Good Faith Transferee For Value)

145. With respect to Count XVII, Defendant alleges it received the transfer from Bigmar for value given by Defendant and in good faith, and thus Defendant is entitled to retain all assets transferred by Bigmar to Defendant to the full extent of the value given by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Avoidance Not Necessary To Satisfy Creditors Claim)

146. With respect to Count XVII, avoidance of the transfer from Bigmar to Defendant may not be done unless necessary to satisfy the creditor's claim.

WHEREFORE, Defendant prays for judgment as follows:

(1)     Plaintiff take nothing by its Complaint and the Complaint be dismissed with prejudice;

(2)     Judgment be entered in favor of APP and against Plaintiff on each and every cause of action alleged in the Complaint;

(3)     APP recover its costs of suit and attorneys' fees incurred herein; and

(4)     For such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL

                /s/ Thomas C. Grimm
Thomas C. Grimm (#1098)
Jerry C. Harris (#4262)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   *Attorneys for Defendant*
   *American Pharmaceutical Partners, Inc.*

OF COUNSEL:

Joseph F. Coyne, Jr.
Carlton A. Varner
Heather M. Cooper
SHEPPARD, MULLIN, RICHTER
  & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA  90071-1448
(213) 620-1780

July 15, 2005
474268

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2005, I caused to be electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Adam Wyatt Poff (apoff@ycst.com).

                                      */s/ Thomas C. Grimm*
                                      Thomas C. Grimm (#1098)
                                      tgrimm@mnat.com

474268