IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAYNE PHARMA (USA) INC.<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN PHARMACEUTICAL PARTNERS, INC., BIGMAR, INC., BIGMAR-BIOREN PHARMACEUTICALS, S.A.,<br><br>    Defendants. | C. A. No. 04-1564-KAJ |

## JOINT STIPULATION AND PROTECTIVE ORDER

WHEREAS, the discovery phase of the above-entitled action may include the disclosure of information claimed by a party or non-party to be confidential, proprietary, competitively sensitive and/or trade secret information, it is the parties' intention, pursuant to Fed. R. Civ. P. 26(c), to provide a mechanism by which discovery of relevant confidential information may be obtained in a manner that protects the risk of disclosure of such information to persons not entitled to such information;

WHEREAS, good cause exists for the issuance of this Joint Stipulation and Protective Order and such issuance would be in the furtherance of justice because, among other things: (i) the above-entitled action is one that involves complex litigation; and (ii) the issuance of this order will allow for efficiency in the discovery process; and (iii) discovery obtained in the above-entitled action may involve disclosure of nonpublic, confidential, proprietary, competitively sensitive and/or trade secret or otherwise privileged information; and (iv) disclosure of this information to persons who are not entitled to such information carries the danger of compromising the competitive business interests of the parties in the above-entitled action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN PLAINTIFF MAYNE PHARMA (USA) INC. ("MAYNE") AND DEFENDANT

AMERICAN PHARMACEUTICAL PARTNERS, INC. ("APP"), THROUGH THEIR RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE COURT, THAT:

1.  All documents or other information obtained through or in connection with discovery in this action, including but not limited to deposition testimony or exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, documents produced by the parties to this action, and any information obtained therefrom (collectively "Discovery Material") shall, except as provided by paragraph 13, be used solely for this litigation and be subject to this Joint Stipulation and Protective Order ("Protective Order" or "Order").

2.  All Discovery Material shall be used solely for this litigation and shall not, except as provided by paragraph 13, be used for any purpose, including without limitation, any business, governmental, commercial, or litigation (administrative or judicial) purpose, other than the preparation and trial, including any appeal or retrial, of this action.

3.  Any party or non-party may designate Discovery Material as "Confidential" at the time of production of such Discovery Material by stamping all pages of such Discovery Material "Confidential." Any party or non-party may for good cause designate Discovery Material "Confidential" after the time of production by written notice to all parties. Any party or non-party may designate oral testimony "Confidential" by stating orally on the record that the information is so designated or by sending written notice to all parties so designating the information within thirty (30) days after receipt of the deposition transcript.

4.  Discovery Materials designated "Confidential" shall be held in strict confidence and shall be disclosed only to: (a) outside counsel of record herein, together with clerical personnel, law clerks, paralegals and legal assistants thereof directly supervised by such outside counsel of record; (b) the parties; (c) non-party witnesses or deponents or potential non-party witnesses or deponents or their counsel in preparation for depositions or testimony in this case to the extent the witness has prior knowledge of the contents of the document or the specific subject matter of the document; (d) expert witnesses or consultants retained solely for the

2

purposes of assisting in the prosecution or defense of this lawsuit, provided the conditions of paragraph 11 of this Order have been met; (e) the Court and Court personnel; and (f) court reporters and their staff in connection with depositions in this action.

5.  Nothing shall preclude a party from using its own "Confidential" Discovery Material for any purpose.

6.  Any party or non-party may designate (a) Discovery Material containing cost and margin information, current forecasts, projections or business strategy information or (b) current agreements with non-parties as "Highly Confidential – Attorneys' Eyes Only" at the time of production of such Discovery Material by stamping all pages of such documents and papers "Highly Confidential – Attorneys' Eyes Only." Any party or non-party may designate oral testimony "Highly Confidential – Attorneys' Eyes Only" by stating orally on the record that the information is so designated or by sending written notice to all parties so designating the information within three (3) days after receipt of the deposition transcript. Any party or non-party may for good cause designate Discovery Material "Highly Confidential – Attorneys' Eyes Only" after the time of production by written notice to all parties.

7.  Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" shall be held in strict confidence and shall be disclosed only to (a) outside counsel of record herein, together with clerical personnel, law clerks, paralegals and legal assistants thereof directly supervised by such outside counsel of record; (b) one in-house attorney of each party and their respective assistants under their direct supervision; (c) expert witnesses or consultants retained solely for the purposes of assisting in the prosecution or defense of this lawsuit, provided the conditions of paragraph 11 of this Order have been met; (d) the Court and Court personnel; and (e) court reporters and their staff in connection with depositions in this action.

8.  Nothing, however, shall preclude a party from using its own "Highly Confidential – Attorneys' Eyes Only" Discovery Material for any purpose.

9.  All "Confidential" and "Highly Confidential – Attorneys' Eyes Only" Discovery Material filed or lodged with the Court for any purpose shall be placed in a sealed

3

envelope or other container marked on the outside with the title of this action, a generic identification of each document or other material(s) enclosed therein and a statement substantially as follows: "Confidential Information – Filed Under Seal" or "Highly Confidential – Filed Under Seal." If a party or non-party through inadvertence produces any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material without labeling or marking it as such in accordance with the provisions of this Order, the producing party or non-party may give written notice to the receiving party that the document or thing produced is deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents or things as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material from the date such notice is received. Disclosure, prior to the receipt of such notice, to persons not authorized to receive such information shall not be deemed a violation of this Order.

10. With respect to those persons identified above in paragraphs 4(b), (c) and (d) and 7(b) and (c), each person to whom delivery, exhibition, or disclosure of any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is made shall, prior to the time he or she receives such information in any form whatsoever, be provided with a copy of this Order and shall certify in writing that he or she has carefully read the Order and fully understands its terms and will be bound by its terms. A copy of the acknowledgment to be executed by each such person is attached hereto as Exhibit A. Counsel making disclosure to any such person shall send executed copies thereof to counsel for the producing party and shall retain the original executed copy of the acknowledgment.

11. Not less than ten (10) days prior to disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material to expert witnesses or consultants, the counsel for the party who so designated the information shall be provided written notice identifying the proposed expert witness or consultant's name, address, business affiliation, past or present relationship to any party, and an executed acknowledgment in the form attached hereto

as Exhibit A. Said acknowledgment will include expert witness or consultant's agreement to be bound by the terms of this Order, submit to the jurisdiction of this Court for the sole purpose of enforcing this Order, and agree to disclose such information only to persons permitted access pursuant to this Order. If within ten (10) days of said notice, a party provides written objection, no information shall be disclosed to the expert witness or consultant unless and until the matter is resolved by agreement of the parties or by an order of the Court.

12. If a party believes that, in connection with any hearing or other Court proceeding, another party intends to disclose, describe, or reveal any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material or its contents, in whole or in part, at or during said proceeding, that party may, by written or oral motion, seek to have the proceedings at which such disclosure is expected closed; provided, however, that the proceedings shall not be closed to those persons who are permitted by the Order to know the contents of such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. In the event that any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is inadvertently used in any open Court proceeding herein or otherwise, it shall not lose its "Confidential" or "Highly Confidential – Attorneys' Eyes Only" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during and after such use.

13. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. If any person permitted access to any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is served with a subpoena or other court- or agency-issued demand for the production of such Discovery Material, the person served with the subpoena shall provide written notice by facsimile and mail service to counsel for the producing or designating party of the service of the subpoena or other demand, including a complete and legible copy of the subpoena or other demand, as soon as practicable, so that the producing or designating party may take whatever action it deems

appropriate to preclude or limit the disclosure of any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. If the party on whom a subpoena or other court- or agency-issued demand has been served receives notice that the producing or designating party objects to the disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material and has filed a motion seeking to preclude or limit such disclosure, no disclosure shall be made unless and until an order of court resolving the motion and permitting disclosure is entered and has become final.

14. Upon final termination of this action, including all appeals and retrials of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the provisions of this Order (including any copies, summaries, or excerpts thereof which do not constitute privileged attorney work product of the non-producing party or any documents filed with the Court) shall either be promptly returned to the producing party or destroyed; EXCEPT that counsel for each party to this action may retain one copy of any item designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material in its master files for this action.

15. Any party may challenge another party's designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by giving written notice to the producing party, objecting to the designation of the information with a statement containing the reasons therefor. In the event that the parties are unable to resolve any dispute as to the designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the party disputing the designation shall provide the designating party with no less than fifteen (15) days notice of its intent to treat the information as non-confidential. Prior to the expiration of the notice period, the designating party shall have the right to apply to the Court for an order determining the propriety of the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation of such Discovery Material. Unless otherwise ordered by the Court, any challenge to the designation of Discovery Material shall be by motion. Any disputed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall remain subject to

and protected by this Order until the Court has ruled on the motion or the motion is otherwise resolved. At all times, the burden to establish the propriety of any designation remains with the party designating the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

16. Nothing in this Order shall prevent or otherwise restrict counsel from disclosing a document which constitutes "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material to the person whom the document identifies as an author, addressee, or recipient of such document.

17. The inadvertent, unintentional, or *in camera* disclosure of "Confidential" or "Highly Confidential" Discovery Material shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

18. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request the information for which a claim of inadvertent production is made shall be returned to the producing party within three (3) days of such request. Moreover, any notes or summaries referring or relating to any such inadvertently produced information shall be destroyed. In the event that any such information is an inadvertently produced document, all copies of that document, and any notes or summaries relating thereto that may have been made, shall be destroyed to the extent practicable. The party returning such information may move the Court for an order compelling production of such information.

19. Producing or receiving "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall not constitute a waiver of any evidentiary objections.

20. This Order may be modified by written stipulation between the parties with Court approval, or by application to the Court by motion.

21.    Nothing in this Order shall be deemed to preclude any party from seeking and obtaining additional protection from the Court for Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or otherwise, as may be appropriate.

22.    Notwithstanding any provision of this Order, after a good faith attempt to meet and confer, any party may at any time bring before the Court a request or motion to remove the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation placed on any Discovery Material or to seek some lesser degree of protection for such Discovery Material than is provided for herein.

23. The terms of this Order survive the termination of the action.

| | |
|---|---|
| September 22, 2005 | MORRIS, NICHOLS, ARSHT & TUNNELL |

/s/Thomas C. Grimm
Thomas C. Grimm (No. 1098)
Jerry C. Harris (No. 4262)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  *Attorneys for Defendant*
  *American Pharmaceutical Partners, Inc.*

OF COUNSEL:

Joseph F. Coyne, Jr.
Carlton A. Varner
Heather M. Cooper
SHEPPARD, MULLIN, RICHTER
  & HAMPTON LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
(213) 620-1780

| | |
|---|---|
| September 22, 2005 | YOUNG CONAWAY STARGATT & TAYLOR LLP |

C. Barr Flinn (No. 4092)
Adam W. Poff (No. 3990)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6698
*Attorneys for Plaintiff Mayne Pharma (USA), Inc.*

9

## **ORDER**

**FOR GOOD CAUSE SHOWN**, this Protective Order, requested by Plaintiff Mayne Pharma (USA), Inc. and Defendant American Pharmaceutical Partners, Inc., is hereby entered.

**IT IS SO ORDERED.**


Dated:_____, 2005


_____

DISTRICT COURT JUDGE